CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
OCT 06 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CLARA DARLENE HICKMAN, <br> Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF <br> AMERICA HOLDINGS INC., <br> Defendant. | Civil Action No. 1:05cv00049 <br><br> **MEMORANDUM OPINION** <br><br> By: GLEN M. WILLIAMS, <br> Senior United States District Judge |

Clara Hickman brought this suit against defendant Laboratory Corporation of America, ("LabCorp"), alleging negligence, intentional and outrageous conduct, breach of warranty, negligent misrepresentation, medical malpractice and punitive damages. This matter is currently before the court on defendant's 12(b)(6) Motion To Dismiss, (Docket Item No. 5), ("the Motion"), filed on June 24, 2005, and the Plaintiff's Memorandum In Response To Defendant's Motion To Dismiss, (Docket Item No. 9), filed July 19, 2005. The court has jurisdiction in this case pursuant to 28 U.S.C. §§ 1332 and 1441 (2005).

### I. Background

For purposes of the court's consideration of the Motion, the facts as alleged by the plaintiff will be accepted as true. In October 2001, Hickman was stuck with a needle while treating a patient during her duties as a hemodialysis technician at a Bristol, Tennessee, dialysis facility. After conveying concerns about her exposure to

-1-

the patient's bodily fluids to her employer, Dr. Simon Pennings, M.D., Dr. Pennings ordered an HIV panel for Hickman. On July 16, 2002, Hickman's panel was drawn and sent to LabCorp for analysis. LabCorp reported the results from that panel to Abingdon Family Practice, P.C., on July 19, 2002, as positive for HIV with the HIV-1, ABS-O.C. ratio being 5.76. The HIV-1 ABS qualified result was reported as being "REPEATEDLY REACTIVE" by an EIA screen and the Western Blot interpretation as "POSITIVE" with every band listed as "PRESENT." As a result, Hickman was immediately placed under the care of infectious disease specialist, Dr. Gail Stanley, M.D.

In December 2003, Hickman learned that the patient she had been treating when she was stuck with the needle had tested negative for HIV. Consequently, on December 11, 2003, Dr. Stanley ordered that Hickman submit to further testing for HIV. On December 18, 2003, Quest Diagnostics reported that Hickman was completely negative for HIV. Hickman requested that LabCorp perform another HIV test, and on December 18, 2003, Dr. Jolanda Cook, M.D., with Abingdon Family Practice ordered a test. LabCorp reported that Hickman's bloodwork was negative for HIV on December 20, 2003, and again on February 27, 2004.

## II. Analysis

LabCorp advances several arguments in support of its motion to dismiss. First, LabCorp argues that Hickman's claims are barred by the applicable statute of limitations. (Memorandum In Support Of Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim, ("Defendant's Brief"), (Docket Item No. 6), at 5-6.)

-2-

Second, LabCorp argues that Hickman's negligence claim should be dismissed because Hickman alleged no compensable injury. (Defendant's Brief at 6-9.) Third, LabCorp argues that Hickman's intentional and outrageous conduct claim should be dismissed because Hickman did not sufficiently allege extreme and outrageous conduct, severe emotional distress and intent or recklessness. (Defendant's Brief at 10-16.) Fourth, LabCorp argues that Hickman's breach of warranty claim should be dismissed because there is no implied warranty for breach of a services contract, and Hickman failed to allege that she had a contractual relationship with LabCorp that would support a breach of warranty claim. (Defendant's Brief at 16-19.) Fifth, LabCorp argues that the negligent misrepresentation claim should be dismissed because it fails to state a claim under Virginia law. (Defendant's Brief at 19-22.) Sixth, LabCorp argues that Hickman's medical malpractice claim is simply a relabeled negligence claim and fails to allege a compensable injury. (Defendant's Brief at 22-23.) Finally, LabCorp argues that Hickman's punitive damages claim should fail because Hickman has no viable claim upon which to base such an award and has not alleged conduct sufficient to award punitive damages. (Defendant's Brief at 23-25.)

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should accept as true all well-pleaded allegations and view the complaint in a light most favorable to the plaintiff. *De Sole v. U. S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). "[A] rule 12(b)(6) motion should be granted only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989).

It is well-settled that federal courts sitting in diversity, as here, must apply the choice of law provisions of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Here, Virginia is the forum state.[1]

### A. Statute of Limitations

The defendant first argues that Hickman's claims are barred by the applicable statute of limitations. (Defendant's Brief at 5-6.) Virginia Code Annotated § 8.01-243 (Lexis 2005) provides, in pertinent part:

> . . .every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues.

Contrary to LabCorp's assertion that Hickman filed her motion for judgment on July 20, 2004, Hickman filed her motion for judgment on July 19, 2004. LabCorp has since explained that the only document it had received with a filed date prior to filing the Motion was the Notice of Motion for Judgment, which stated that Hickman's motion for judgment was filed on July 20, 2004. (Reply Memorandum In Support of Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim at 10.) Since at this stage in the proceedings the court must view the facts in the light most favorable to

---

[1] For purposes of Hickman's negligence claim, the court will analyze the claim under Virginia law. However, the court has no evidence before it as to where the lab test on Hickman's blood was performed. Neither party has introduced evidence on the issue but have proceeded under the assumption that the test was performed in Virginia. If differing evidence is revealed on this matter, the court may have to revisit the issue of which state's substantive law applies to Hickman's negligence claim.

the plaintiff, the court will proceed under the assumption that the motion for judgment was filed on July 19, 2004. Federal Rule of Civil Procedure 6(a) states:

> in computing any period of time prescribed or allowed by these rules or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

So even if Hickman's injury was sustained on July 19, 2002, the date that LabCorp claims, Hickman filed her motion for judgment within the statute of limitations. Therefore, the court will not dismiss Hickman's claims under this ground.

### B. Negligence

LabCorp next argues that Hickman's negligence claim should be dismissed because Hickman failed to allege a compensable injury. (Defendant's Brief at 6-10.) Specifically, LabCorp argues that Hickman's allegation of physical injury is insufficient to support a claim for negligence, for the physical injuries alleged merely flow from any emotional damages suffered. (Defendant's Brief at 6-10.) At the hearing, LabCorp emphasized that Hickman's allegations of physical injury were conclusory and insufficient to survive the Motion.

Under Virginia law, a plaintiff cannot recover solely for emotional damages caused by a defendant's negligent conduct, if there was not also an accompanying

physical injury to the person. *Connelly v. Western Union Tel. Co.*, 100 Va. 51, 54-55 (1902). Absent a contemporaneous impact to the plaintiff, a plaintiff must prove that the defendant's conduct was willful, wanton or vindictive and not merely negligent, to recover solely for emotional damages. *Soldinger v. U. S.*, 247 F. Supp. 559, 560 (E.D. Va. 1965). However, when a claim is for both emotional *and* physical damages, a plaintiff can recover for the emotional damages caused by a defendant's negligent conduct, absent a contemporaneous physical impact to the plaintiff, provided the plaintiff pleads and proves by clear and convincing evidence that her physical injury was proximately caused by the defendant's negligence. *Hughes v. Moore*, 214 Va. 27, 34 (1973). *Hughes* made clear that the plaintiff must prove a clear and unbroken chain of causation between the negligent act, the emotional disturbance and the physical injury. *Hughes*, 214 Va. at 34. Hickman alleged both physical and emotional damages as a result of LabCorp's negligence. Addressing LabCorp's argument, the fact that Hickman's physical injuries may have arisen from her emotional damages creates no fatal flaw in her negligence claim, so long as she can prove the chain of causation.

Turning to the sufficiency of Hickman's motion for judgment, I will note at the outset that the notice pleading standard applies to negligence claims. Pursuant to Federal Rule of Civil Procedure 8(a), a party need only include in her complaint a "short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks." Furthermore, "each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a). "No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). A plaintiff is only required to include such detail that will notify the defendant of the

Case 1:05-cv-00049-GMW-PMS   Document 18   Filed 10/06/05   Page 6 of 15   Pageid#: 146

claims against him. *Conley v. Gibson*, 355. U.S. 41, 47-48 (1957).

In Hickman's motion for judgment, she alleges that as a result of LabCorp's negligence, she suffered "severe emotional disturbance, fright, shock, and physical distress and illness including the disruption of sexual relations and her family." [sic] (Motion For Judgment at 3.) She further alleges that as a proximate result of LabCorp's negligence, she suffered

> great pain of body and mind, severe shock, fright, mental anguish and emotional disturbance and resulting physical injury and illness, loss of capacity for the enjoyment of life and inconvenience, has incurred and will incur in the future doctor, hospital and related expenses, loss of earning and loss of ability to earn money.

(Motion for Judgment at 4.)

In light of the notice pleading standard and the fact that Hickman plead both physical and emotional damages as a result of LabCorp's alleged negligence, the court finds that Hickman's motion for judgment was sufficient to apprise LabCorp of the claims against it. Therefore, the court will not grant LabCorp's motion to dismiss Hickman's negligence claim.

### C. *Intentional and Outrageous Conduct*

The defendant next argues that Hickman's claim for intentional and outrageous conduct should be dismissed because Hickman failed to plead with sufficient particularity the elements of the claim. (Defendant's Brief at 10-15.) The defendant argues that this claim is essentially one for intentional infliction of emotional distress;

thus, the complaint must be plead with a higher degree of particularity than is required under the notice pleading standard. (Defendant's Brief at 10-11.)

Although Hickman labeled her cause of action "intentional and outrageous conduct" and "outrage," she cited cases that were decided under intentional infliction of emotional distress principles. Therefore, the court agrees with Labcorp that this claim should be analyzed under the requirements of Virginia law for pleading intentional infliction of emotional distress. In order to withstand a motion to dismiss for failure to state a claim for intentional infliction of emotional distress in the absence of a contemporaneous physical injury, a plaintiff must plead: (1) that the defendant's conduct was intentional or reckless; (2) that the defendant's conduct was extreme and outrageous in that it offends against the generally accepted standards of decency and morality; (3) that the defendant's conduct caused emotional distress; and (4) that the emotional distress was severe. *Russo v. White*, 241 Va. 23, 26 (1991) (citing *Womack v. Eldridge*, 215 Va. 338, 342 (1974) (adopting a four prong test for intentional infliction of emotional distress claims in the absence of physical injury)).

The requirement that the defendant's conduct be extreme and outrageous is aimed at "limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved." *Womack*, 215 Va. at 342. To support a finding of outrageousness, "the conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Russo*, 241 Va. at 27. In addition, "liability only arises when the emotional distress is extreme, and then only where the distress inflicted is so severe that no reasonable person could

-8-

be expected to endure it." *Russo*, 241 Va. at 27. A plaintiff in Virginia must allege all facts necessary to establish intentional infliction of emotional distress. *Ely v. Whitlock*, 238 Va. 670, 677 (Va. 1998).

The court will first address the second prong of the *Womack* test that requires a plaintiff to plead facts that show the defendant engaged in extreme or outrageous conduct. The court fails to discern where in Hickman's motion for judgment she alleged facts sufficient to support a claim of extreme or outrageous conduct. When pressed at the hearing to give the paragraphs that allege such facts, Hickman cited paragraphs 27 and 28. They are as follows:

27. The Defendant's actions were intentional, reckless, outrageous and intolerable and offended the generally acceptable standards of decency and morality.

28. The Defendant knew or should have known that its negligent and erroneous reporting that the Plaintiff was HIV positive would cause extreme fright, shock and emotional disturbance and resulting physical injury and illness.

(Motion for Judgment at 4.)

The allegations contained in Hickman's motion for judgment, and, in particular, paragraphs 27 and 28 are merely conclusional. These blanket accusations do not relate such facts, as contemplated by *Russo,* that would support a finding of extreme or outrageous conduct. Furthermore, in the factually analogous case of *Goddard v. Protective Life Corp., et al.,* 82 F. Supp. 2d 545, 558 (E.D. Va. 2000), the court stated that if the lab "acted negligently or failed to comply with industry standards in collecting and analyzing specimens, defendants' conduct would be

-9-

Case 1:05-cv-00049-GMW-PMS   Document 18   Filed 10/06/05   Page 9 of 15   Pageid#: 149

negligent at most." The *Goddard* court also stated that under Virginia law, "mere professional negligence is not sufficiently extreme and outrageous to give rise to this unfavored tort." *Goddard*, 82 F. Supp. 2d at 558. Because Hickman's motion for judgment does not contain the requisite degree of specificity for prong two of the *Womack* test, the court will not address the other prongs but will grant LabCorp's motion to dismiss the intentional infliction of emotional distress claim.

### D. Breach of Warranty

LabCorp argues that Hickman's claim for breach of warranty should be dismissed because there is no implied warranty for breach of a services contract in Virginia, and Hickman failed to allege that she had a contractual relationship with LabCorp. (Defendant's Brief at 16.) In Hickman's motion for judgment, she alleges that LabCorp breached both an express warranty and an implied warranty that its services would be performed in a professional manner and that its reporting, upon which its customers rely, would be accurate and true. (Motion for Judgment at 5.) The court will address these allegations in turn.

With regard to Hickman's claim for breach of express warranty, LabCorp argues that Hickman failed to allege privity of contract and did not plead the allegation with sufficient particularity. (Defendant's Brief 17-19.) In Hickman's motion for judgment, it states:

> Defendant LabCorp expressly and impliedly warranted that its services would be performed in a professional manner and that its reporting upon which its customers relied would be accurate and true.

-10-

(Motion for Judgment at 5.)

Under the notice pleading standard that applies to breach of warranty claims, a plaintiff is only required to include such detail that will notify the defendant of the claims against it. *See Conley,* at 335 U.S. 47-48 (1957). While the court agrees with LabCorp that mere legal conclusions would not withstand a motion to dismiss a breach of warranty claim, the court finds that Hickman met the notice pleading standard by reciting the affirmations of fact and promises that were given to her by LabCorp. Since Hickman stated sufficient facts to clearly inform LabCorp of the true nature of her express warranty claim, the court will not grant LabCorp's motion to dismiss Hickman's claim for breach of express warranty.

Turning to Hickman's claim for breach of implied warranty, the court notes that the notice pleading standard applies to this claim as well. However, the court does not find an implied warranty for services of this nature in Virginia. In *Goddard*, discussed above, the court stated:

> First, while Virginia law has recognized an implied warranty in the provision of services in the context of construction contracts, plaintiffs have neither identified a contract nor any basis for extending the narrow warranty recognized by the Virginia Supreme Court beyond the context of construction law.

82 F. Supp. 2d 545, 556 (E.D. Va. 2000). While the common law does recognize an implied warranty for services, the Virginia Supreme Court has not expanded the doctrine beyond the context of architecture and construction contracts. *See Goddard,* 82 F. Supp 2d at 556. This court declines to expand the scope of implied warranties

-11-

under Virginia law and will grant LabCorp's motion to dismiss Hickman's claim for breach of implied warranty.

   E.   *Negligent Misrepresentation*

LabCorp argues that Hickman's negligent misrepresentation claim should be dismissed because it is simply a relabeled negligence claim that was not plead with sufficient particularity. (Defendant's Brief at 19-22.)

Since Hickman's claim for negligent misrepresentation is essentially a claim for fraud, it must be analyzed under principles of fraud. Under Federal Rule of Civil Procedure 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading standard serves to ensure that allegations are sufficiently specific to allow the defendant to prepare an effective response and defense, to eliminate complaints filed in order to find unknown wrongs through discovery and to protect defendants from unfounded charges that involve moral turpitude. *Sweeney Co. of Md. v. Engineers-Constructors, Inc.*, 109 F.R.D. 358, 360 (E.D. VA 1986). A plaintiff has met this standard when she has alleged the time, place and content of the false misrepresentation, the fact misrepresented and what was gained or given up as a consequence of the fraud. *Sweeney*, 109 F.R.D. at 360 (citing 2AJ. Moore, *Moore's Federal Practice*, § 9.03 at 9-23-9-24 (1985)). To state a claim for constructive fraud in Virginia, a plaintiff must allege that the defendant made: (1) a false representation; (2) of material fact; (3) innocently or negligently; and (4) that she was damaged as a result of reliance upon that misrepresentation. *Mortarino v. Consultant Eng'g Servs*, 251 Va. 289, 295 (Va.

-12-

1998). Nonetheless, this heightened pleading standard must be read in conjunction with the notice pleading standard of Federal Rule of Civil Procedure 8. *Sweeney*, 109 F.R.D. at 360. It is the court's ultimate responsibility to balance the standards and determine whether the defendant has received proper notice of the claims against him. *Sweeney*, 109 F.R.D. at 360.

The court finds that Hickman's claim for negligent misrepresentation was not plead with sufficient particularity to withstand LabCorp's motion to dismiss. While Hickman used certain buzzwords in her motion for judgment such as "material," "wrongful" and "erroneous," she failed to include the specifics of her claim that would provide the basis for a claim of fraud. In particular, Hickman did not include what, if anything, LabCorp gained or gave up by allegedly reporting an incorrect test result to Hickman instead of a correct result. Therefore, the court will grant LabCorp's motion to dismiss Hickman's claim for negligent misrepresentation.

### F.  Medical Malpractice

LabCorp argues that Hickman's medical malpractice claim should be dismissed because it is simply a relabeled negligence claim that fails for the reasons outlined in its argument for dismissal of the claim for negligence. (Defendant's Brief at 22-23.) Since Hickman concedes that this case does not sound in medical malpractice, (Plaintiff's Response Brief at 15), the court will grant LabCorp's motion to dismiss the medical malpractice claim.

G.  *Punitive Damages*

LabCorp argues that Hickman's claim for punitive damages should be dismissed because there is no independent claim for punitive damages in Virginia, and Hickman failed to allege conduct sufficient to award punitive damages (Defendant's Brief at 23.)

This court has held that "punitive damages are available in contract actions where a plaintiff properly alleges malice, fraud, or such wanton or oppressive behavior as to amount to criminal indifference." *Matney v. First Protection Life Ins.*, 73 F.R.D. 696, 697 (W.D.Va. 1977). In *Matney*, this court found the plaintiff's claim sufficient because the plaintiff alleged the defendant had "willfully, intentionally and in bad faith" denied policy benefits. *Matney*, 73 F.R.D. at 698. So long as a plaintiff alleges that the breach of contract amounted to an independent willful tort, due to malicious, wanton or oppressive behavior, punitive damages may be awarded. *Matney*, 73 F.R.D. at 697 (quoting *Wright v. Everett*, 197 Va. 608 (1956)). The rationale behind this rule is that a plaintiff has a right to elect whether she will proceed in tort or upon contract. *Kamalar Corp. V. Haley*, 224 Va. 699, 707 (1983). If a plaintiff chooses to proceed upon a contractual theory, and the allegation amounts to an independent willful tort, punitive damages should be allowed. *Kamalar*, 224 Va. at 705.

In the case at hand, Hickman alleged that LabCorp's actions were "so reckless, willful, wanton, outrageous and malicious as to evince a conscious, willful, wanton, and reckless disregard for the Plaintiff, human life and civil rights." (Motion for Judgment at 7.) Since Hickman alleged malicious and wanton actions, this claim

-14-

amounts to an independent willful tort. This court will not penalize Hickman for proceeding upon contract, as opposed to tort, and will not dismiss the potential for punitive damages at this stage in the proceedings. Therefore, the court will not grant LabCorp's motion to dismiss Hickman's claim for punitive damages.

### III. Conclusion

For the foregoing reasons, the court will sustain in part the defendant's motion to dismiss insofar as the claims for intentional and outrageous conduct, breach of implied warranty, negligent misrepresentation and medical malpractice will be dismissed, and will overrule in part the defendant's motion to dismiss insofar as the claims for negligence, breach of express warranty and punitive damages will not be dismissed.

An appropriate order will be entered.

DATED: This 6th day of October, 2005.

*[signature]*

SENIOR UNITED STATES DISTRICT JUDGE